Case 3:19-cv-01938-B   Document 1-3   Filed 08/14/19   Page 1 of 13   PageID 11

FILED
DALLAS COUNTY
7/5/2019 10:27 AM
FELICIA PITRE
DISTRICT CLERK

Alicia Mata

2-CIT/ESERVE

CAUSE NO. DC-19-09529 _____

| | | |
|---|---|---|
| FRYMIRE HOME SERVICES, INC. and WHITFIELD CAPITAL, LLC<br>*Plaintiffs,*<br><br>V.<br><br>LIBERTY MUTUAL INSURANCE CO. and OHIO SECURITY INSURANCE CO.<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br><br>B-44TH JUDICIAL DISTRICT<br><br><br><br>DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW Frymire Home Services, Inc. (referred to as "Plaintiff Frymire") and Whitfield Capital, LLC (referred to as "Plaintiff Whitfield") (collectively referred to as "Plaintiffs") file this its Original Petition complaining of Liberty Mutual Insurance Company (referred to as "Defendant Liberty Mutual") and Ohio Security Insurance Company (referred to as "Defendant Ohio Security") (collectively referred to as "Defendants"), and for cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure. Plaintiffs affirmatively plead that this suit is not governed by Rule 169 of the Texas Rules of Civil Procedure because Plaintiffs seek monetary relief in excess of $100,000.

### II.
### CLAIM FOR RELIEF

2. Plaintiffs seek monetary relief more than $1,000,000.

### III.
### PARTIES

3. Plaintiff Frymire Home Services, Inc. is a domestic corporation and with its principal office in Dallas County, Texas.

EXHIBIT C-1

4. Plaintiff Whitfield Capital, LLC is a Texas Limited Liability Company with its principal office in Dallas County, Texas.

5. Defendant Liberty Mutual Insurance is a foreign insurance carrier organized and existing under the laws of Massachusetts and authorized to conduct business in Texas. **Defendant Liberty Mutual Insurance Company may be served by delivering a copy of this petition along with the citation to its designated agent for service of process in Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin Texas 78701-3218.**

6. Defendant Ohio Security Insurance Company is a foreign insurance carrier organized and existing under the laws of the State of New Hampshire and authorized to conduct business in Texas. **Defendant Ohio Security Insurance Company may be served by delivering a copy of this petition along with the citation to its designated agent for service of process in Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin Texas 78701-3218.**

## IV.
## VENUE AND JURISDICTION

7. Venue is proper in this Court by virtue of section 15.002 of the Texas Civil Practice and Remedies Code in that all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County. Venue is also proper in this Court pursuant to section 15.032 of the Texas Civil Practice and Remedies Code in that the property is located in Dallas County, Texas.

8. Furthermore, this Court has jurisdiction in that Plaintiffs' damages are within the jurisdictional limits of this Court.

## V.
## FACTS

9. Plaintiff Whitfield is the current owner of commercial property and building located at 2818 Satsuma Drive, Dallas, Texas. The property is the principal office for Plaintiff Frymire. At

the address there is a main building and a second metal structure located in the rear of the main building. Plaintiff Frymire maintains equipment and other property on the premises in both structures.

10. Plaintiff Whitfield purchased the property and became the owner of record in May of 2017. Upon purchase of the property, Plaintiff Frymire purchased a commercial property insurance policy from Liberty Mutual Insurance Company to provide coverage for certain losses and perils to the property and perils associated with the business use of the property. Defendant Liberty Mutual provided the coverage underwritten by one of their Liberty Mutual Companies, Defendant Ohio Security. The Liberty Mutual policy number is BKS (19) 57 89 93 55. In March 2013 the policy was renewed for a coverage period of March 23, 2018 to March 23, 2019. Plaintiff Frymire and Plaintiff Whitfield are a named insured on the policy.

11. The commercial property policy issued by Defendant Liberty Mutual underwritten by Defendant Ohio Security provides that:

> **A. Coverage**
>
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
> **1. Covered Property**
> Covered Property as used in this Coverage Part, means the type of property described in this section, A.1,, and limited in A.2 Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.
> **a. Building**, meaning the building or structure described in the Declarations, including:
>     (1) Completed additions;
>     (2) Fixtures, including outdoor fixtures;
>     (3) . . . .
> **b.** Your Business Personal Property consists of the following property located in or on the building or structure described in the Declarations or in the open (or in a vehicle) within 100 feet of the building or structure or within 100 feet of the premises described in the Declarations, whichever distance is

> greater:
> (1) Furniture and fixtures;
> (2) Machinery and equipment;
> (3)
> (4) All other personal property owned by you and used in your business

12. On or about June 6, 2018, a severe thunderstorm producing large hail and damaging winds set upon the DFW area. The building suffered damage to the roofing system and HVAC units on the roof from the storm's hail and wind. The interior of the building also sustained damage caused by the leaks created from the storm's damage to the roofing system. In addition, the storm caused damage to the metal structure located on the rear of the same property at the same address. The metal building was used by Plaintiff Frymire to store equipment.

13. On June 22, 2018, a claim was made with Defendant Liberty Mutual by Plaintiffs' insurance agent on behalf of Plaintiffs for the damage done to the property. On June 29, 2018, Defendant Liberty Mutual inspected the building. Thereafter, as usual Defendant Liberty Mutual hired the engineering firm hired by so many insurance companies for the purpose of denying their insureds' claims, Haag Engineering, to inspect the building. Finally, on January 29, 2019, Haag Engineering issued its typical pre-determined report favorable to the insurance carrier that purchased their "expert" services finding no damage caused by a storm to the front structure, yet finding damage to the rear structure only feet away.

14. Finally, on March 18, 2019, Defendant Liberty Mutual denied the claim for storm damage in its entirety. Defendant Liberty Mutual denied the claim made to the front structure on the basis that their inspections had found no storm-related damage to the building, only damage from wear and tear. Although Defendant Liberty Mutual's inspections did reveal storm damage to the rear structure on the property, Defendant Liberty Mutual denied the claim for the damage to the rear structure on the basis that the building was not listed on the declarations page and because

EXHIBIT C-1

Defendant Liberty Mutual's investigation had determined the damage predated Defendant Liberty Mutual's policy coverage.

15. However, since purchasing the property, Defendants Liberty Mutual and Ohio Security have been the insurer. Presumably, Defendant Liberty Mutual inspected the property prior to issuing its coverage to Plaintiffs. Defendant Liberty Mutual did not exclude or note any existing hail damage to the property. Defendant Liberty is aware that they have provided continuous coverage for the property since its purchase. Defendant Liberty Mutual knows that as of the time of purchase or at least at the point it began insuring the property, that there was no hail or storm damage. Despite this knowledge, Defendant Liberty Mutual has used the basis for a denial of the claim that hail damage predated the Defendant Liberty Mutual's insurance coverage.

16. Further, Defendant Liberty Mutual has ignored the plain language of its own policy and denied the damage to the rear structure on the basis that it the rear structure is not listed on the Declarations page. The Declaration page list the property located at "2818 Satsuma Drive, Dallas, Texas 75229-3523" as the covered commercial property. The metal structure is located at 2818 Satsuma Drive, Dallas, Texas 75229-3523. There is no exclusion that would exclude the building contained in the policy. The metal structure located on the property at 2818 Satsuma Drive, Dallas, Texas 75229-3523 is covered by the commercial insurance policy issued by Liberty Mutual through Ohio Security.

17. The storm producing strong winds and hail is a covered peril under the insurance policy issued by Defendant Liberty Mutual underwritten by Defendant Ohio Security that Plaintiffs had enforce on that date. Defendant Liberty Mutual knew that the claim was covered by their policy, but Defendant Liberty Mutual denied the claim in its entirety.

18. As a result of the Defendants' actions, either in concert and/or independently, Plaintiffs

EXHIBIT C-1

suffered economic damages including, but not limited to the cost of replacing the roofing system, HVAC units, damage to the rear structure, and damage to the interior of the front building. Additionally, it has been necessary for the Plaintiffs to retain the undersigned attorneys and now incur attorney's fees as a result of the Defendants' actions.

## VI.
## CAUSES OF ACTION

**A.  Breach of Contract as to Defendant Liberty Mutual and Defendant Ohio Security.**

19.  For their first cause of action against Defendant Liberty Mutual and Defendant Ohio Security, Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

20.  All conditions precedent of the contract to the bringing of this action have been fulfilled by Plaintiffs. At all relevant times herein, Defendant Liberty Mutual and Defendant Ohio Security insured the Plaintiffs under a commercial property policy of insurance.

21.  Plaintiffs entered into a contract for insurance to cover the commercial property located at 2818 Satsuma Drive, Dallas, Texas. The insurance policy issued by Defendant Liberty Mutual and underwritten by Defendant Ohio Security provided coverage for all direct physical loss or damage to the property, excepting certain inapplicable listed typical exclusions, during the policy period of March 23, 2018 to March 23, 2019.

22.  Plaintiffs fulfilled their performance of the contract and paid the substantial premiums required by Defendant Liberty Mutual.

23.  Then Plaintiffs experienced damage to their commercial property from large hail and destructive winds produced by the thunderstorm on June 6, 2018. On June 22, 2018, Plaintiffs made a claim for the damage caused by the storm. Despite insuring the property and accepting the

premium for coverage of the property, rather than honoring its agreement with its insureds, Defendant Liberty Mutual denied the claim under the insurance policy underwritten by Ohio Security. Defendant Ohio Security did not pay for the damage caused by the covered peril.

24. Defendant Liberty Mutual and Defendant Ohio Security's actions constitute a breach of the insurance contract. As a direct consequence of said Defendant Liberty Mutual and Defendant Ohio Security's breach of contract, the Plaintiffs have sustained damages.

25. Further, Plaintiffs have been required to retain the undersigned counsel to file this civil action to recover damages under the insurance contract. Plaintiffs accordingly seek all reasonable and necessary attorney's fees and costs incurred by Plaintiffs in the prosecution of this action.

### B. Negligent and/or Intentional Misrepresentations by Defendant Liberty Mutual.

26. For their second cause of action against Defendant Liberty Mutual, Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

27. Defendant Liberty Mutual misrepresented to Plaintiffs pertinent facts and policy provisions relating to coverage.

28. Defendant Liberty Mutual represented to Plaintiffs that the property located at 2818 Satsuma Drive, Dallas, Texas 75229-3523 would be covered in the event of a storm producing damaging hail or winds. Defendant Liberty Mutual represented that the buildings located at 2818 Satsuma Drive, Dallas, Texas 75229-3523 were covered under the commercial property insurance policy. Defendant Liberty Mutual represented that they would handle my claims honestly and efficiently and protect the property and the business located there.

29. As a direct proximate cause of Defendant Liberty Mutual's misrepresentations to Plaintiffs, the Plaintiffs suffered damages.

**C.     Violations of the Texas Insurance Code as to Defendant Liberty Mutual**

30.     For their third cause of action against Defendant Liberty Mutual, Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

31.     Defendant Liberty Mutual has engaged in unfair and/or deceptive acts and/or practices in the business of insurance, in violation of Chapter 541 of the Texas Insurance Code.

32.     Defendant Liberty Mutual violated Chapter 541 of the Texas Insurance Code in the following respects:

   a) engaging in unfair claims settlement practices prohibited by Chapter 541, section 541.060(a)(1) of the Texas Insurance Code through its "**misrepresenting to a claimant a material fact and policy provision relating to coverage at issue**;"

   b) engaging in unfair claims settlement practices prohibited by Chapter 541, section 541.060(a)(2)(A) of the Texas Insurance Code through its through its failure "**to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim submitted in which the insurer's liability has become reasonably clear;**"

   c) engaging in unfair claims settlement practices prohibited by Chapter 541, section 541.060(a)(7 of the Texas Insurance Code through its "**refusing to pay a claim without conducting a reasonable investigation with respect to the claim**;"

   d) engaging in unfair claims settlement practices prohibited by Chapter 541, section 541.061(1) of the Texas Insurance Code through its "**making an untrue statement of material fact**'"

   e) engaging in unfair claims settlement practices prohibited by Chapter 541, section 541.061(2) of the Texas Insurance Code through its "**failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;**"

   f) engaging in unfair claims settlement practices prohibited by Chapter 541, section 541.061(3) of the Texas Insurance Code through its "**making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact**;"

   g) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.151(2) of the Texas Insurance Code through its violation of section

    17.46(b)(5) of the Texas Business and Commerce Code through its "**representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;**"

  h) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.151(2) of the Texas Insurance Code through its violation of section 17.46(b)(7) of the Texas Business and Commerce Code through its "**representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;**" and,

  i) engaging in unfair and/or deceptive acts and/or settlement practices prohibited by Chapter 541 section 541.151(2) of the Texas Insurance Code through its violation of section 17.46(b)(12) of the Texas Business and Commerce Code through its "**representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.**"

33. Defendant Liberty Mutual's unfair and deceptive acts and practices set forth above are and each was a producing cause of damages to the Plaintiffs, for which Plaintiffs now sue.

34. Further, Defendant Liberty Mutual's unfair and deceptive acts and practices were committed knowingly; therefore, the Plaintiffs should recover, in addition to the actual damages, an amount up to three times the amount of the actual damages. Further, as a result of Defendant Liberty Mutual's unfair and deceptive acts and practices set forth above, Plaintiffs have incurred and will continue to incur reasonable and necessary attorney's fees in the prosecution of the present case for which they now sue.

    **D.**    **Violations of the DTPA as to Defendant Liberty Mutual.**

35. For their fourth cause of action against Defendant Liberty Mutual, the Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

36. Defendant Liberty Mutual has engaged in false, misleading, or deceptive acts or practices, in violation of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE § 17.41 *et seq*.

37. Plaintiffs further allege that Defendant Liberty Mutual's actions and omissions violated the DTPA in the following respects:

   a. engaging in unfair and/or deceptive acts and/or practices prohibited by section 17.46(b)(5) of the Texas Business and Commerce Code through its "**representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have**;"

   b. engaging in unfair and/or deceptive acts and/or practices prohibited by section 17.46(b)(7) of the Texas Business and Commerce Code through its "**representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;**"

   c. engaging in unfair and/or deceptive acts and/or settlement practices prohibited by section 17.46(b)(12) of the Texas Business and Commerce Code through its "**representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;**"

   d. engaging in unfair and/or deceptive acts and/or practices prohibited by 17.50(a)(4) of the Texas Business and Commerce Code through its violation of section 541.060(a)(1) of the Texas Insurance Code through its "**misrepresenting to a claimant a material fact and policy provision relating to coverage at issue**;"

   e. engaging in unfair and/or deceptive acts and/or practices prohibited by 17.50(a)(4) of the Texas Business and Commerce Code through its violation of section 541.060(a)(2)(A) of the Texas Insurance Code through its through its failure "**to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim submitted in which the insurer's liability has become reasonably clear;**"

   f. engaging in unfair and/or deceptive acts and/or practices prohibited by 17.50(a)(4) of the Texas Business and Commerce Code through its violation of, section 541.060(a)(7 of the Texas Insurance Code through its "**refusing to pay a claim without conducting a reasonable investigation with respect to the claim**;"

   g. engaging in unfair and/or deceptive acts and/or practices prohibited by 17.50(a)(4) of the Texas Business and Commerce Code through its violation of, section 541.061(1) of the Texas Insurance Code through its "**making an untrue statement of material fact**'"

   h. engaging in unfair and/or deceptive acts and/or practices prohibited by 17.50(a)(4) of the Texas Business and Commerce Code through its violation of section 541.061(2) of the Texas Insurance Code through its "**failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;**"

    i. engaging in unfair and/or deceptive acts and/or practices prohibited by 17.50(a)(4) of the Texas Business and Commerce Code through its violation of section 541.061(3) of the Texas Insurance Code through its "**making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact**;"

38. Defendant Liberty Mutual's false, misleading, or deceptive acts or practices set forth above are and each was a producing cause of damages to Plaintiffs. Further, said acts and practices were committed knowingly, for which the Plaintiffs should recover damages for their mental anguish and up to three (3) times their economic damages. Said acts and practices were committed intentionally, for which the Plaintiffs should recover damages for their mental anguish and economic damages and should recover up to three (3) times their damages for mental anguish and economic damages. Further, as a result of Defendant Liberty Mutual's unfair and deceptive acts and practices set forth above, the Plaintiffs incurred reasonable and necessary attorney's fees in the prosecution of the present case for which they now sue.

### E. Breach of the Duty of Good Faith and Fair Dealing as to Defendant Liberty Mutual.

39. For their fifth cause of action against Defendant Liberty Mutual, the Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

40. Defendant Liberty Mutual owed the Plaintiffs a duty of good faith and fair dealing and a duty to exercise ordinary care in the handling of the claim made by the Plaintiffs.

41. Defendant Liberty Mutual is in violation of its duty of good faith and fair dealing owed to the Plaintiffs. Defendant Liberty Mutual has engaged in unreasonable claims handling practices by failing and refusing to authorize and/or pay the benefits to which Plaintiffs were entitled by law when it was reasonably clear that the benefits were owed. Defendant Liberty Mutual failed to

conduct an adequate investigation and engaged in a predetermined course of conduct to deny the Plaintiffs benefits. Defendant Liberty Mutual's basis for failing to promptly authorize and pay the Plaintiffs full benefits was unreasonable and Defendant Liberty Mutual knew or should have known that its basis for such was unreasonable. As a direct proximate cause of Defendant Liberty Mutual's violation of the duty of good faith and fair dealing, the Plaintiffs have suffered damages.

42. The Plaintiffs incorporate all other allegations contained herein which amount to a breach of the duty of good faith and fair dealing imposed upon Defendant Liberty Mutual.

43. Further, Defendant Liberty Mutual has breached its common law duty of good faith and fair dealing by exhibiting such an entire want of care as to constitute gross negligence. and/or malice. Consequently, the Plaintiffs are entitled to recover exemplary damages against Defendant Liberty Mutual.

## VII.
## CONDITIONS PRECEDENT

44. All conditions precedent to the bringing of this action have been fulfilled by Plaintiffs.

WHEREFORE PREMISES CONSIDERED Plaintiffs request that Defendants be cited to appear and answer, and that this case be tried after which Plaintiffs recover:

    a. Judgment against Defendants for a sum within the jurisdictional limits of this Court for the economic damages indicated above;
    b. Reasonable and necessary attorney's fees;
    c. Exemplary and/or treble damages;
    d. Pre-judgment interest at the maximum amount allowed by law;
    e. Post-judgment interest at the maximum rate allowed by law;
    f. Costs of suit; and
    g. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**BERGMANGRAY LLP**

*/S/ Jay K. Gray*
Jay K. Gray
State Bar No. 08324050
Andrew A. Bergman
State Bar No. 02196300
4514 Travis Street
Travis Walk, Suite 300
Dallas, Texas 75205
214-528-2444
214-599-0602 [fax]
gray@bergmangray.com
bergman@abergmanlaw.com

**ATTORNEYS FOR PLAINTIFFS**

EXHIBIT C-1