UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FRYMIRE HOME SERVICES, INC. AND WHITFIELD CAPITAL, LLC** § § § | | |
| PLAINTIFFS § | | |
| § | **CIVIL ACTION NO. 3:19-CV-01938-B** | |
| VS. § | | |
| § | | |
| **LIBERTY MUTUAL INSURANCE CO. AND OHIO SECURITY INSURANCE CO.** § § § | | |
| DEFENDANTS. § § | | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW Frymire Home Services, Inc. (referred to as "Plaintiff Frymire") and Whitfield Capital, LLC (referred to as "Plaintiff Whitfield") (collectively referred to as "Plaintiffs") and file this their First Amended Complaint complaining of Ohio Security Insurance Company (referred to as "Defendant Ohio Security") and for cause of action would respectfully show the Court as follows:

## I
## PARTIES

1. Plaintiff Frymire Home Services, Inc. is a domestic corporation and with its principal office in Dallas County, Texas.

2. Plaintiff Whitfield Capital, LLC is a Texas Limited Liability Company with its principal office in Dallas County, Texas.

3. Defendant Ohio Security Insurance Company is a foreign insurance carrier organized and existing under the laws of the State of New Hampshire and authorized to conduct business in

Texas. Defendant Ohio Security Insurance Company has appeared and is before the Court for all purposes.

## II.
## JURISDICTION AND VENUE

4. Original jurisdiction and venue exists in this Court pursuant to 28 U.S.C. §1332, as complete diversity currently exists between the parties and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this district under 28 U.S.C. §1391(b)(2)} because a substantial part of the events or omissions giving rise to this claim occurred in this district and because a substantial part of the property at issue is situated in this district.

## III.
## FACTS

6. Plaintiff Whitfield is the current owner of commercial property and building located at 2818 Satsuma Drive, Dallas, Texas. The property is the principal office for Plaintiff Frymire. Located at the address is a main building and a second metal structure located in the rear of the main building.

7. Plaintiff Whitfield leases the premises to Plaintiff Frymire.

8. Plaintiff Frymire maintains equipment and other property on the premises in both structures.

9. Plaintiff Whitfield purchased the property and became the owner of record in May of 2017.

10. Upon purchase of the property, Plaintiff Frymire purchased a commercial property insurance policy from Liberty Mutual Insurance Company to provide coverage for certain losses and perils to the property and perils associated with the business use of the property.

11. Liberty Mutual provided the coverage underwritten by one of their Liberty Mutual

Companies, Defendant Ohio Security. The Ohio Security policy number is BKS (19) 57 89 93 55. In March 2013 the policy was renewed for a coverage period of March 23, 2018 to March 23, 2019.

12. Plaintiff Frymire and Plaintiff Whitfield are a named insured on the policy.

13. The commercial property policy issued by Defendant Ohio Security provides that:

> **A. Coverage**
>
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
> **1. Covered Property**
> Covered Property as used in this Coverage Part, means the type of property described in this section, A.1,, and limited in A.2 Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.
> **a. Building**, meaning the building or structure described in the Declarations, including:
> (1) Completed additions;
> (2) Fixtures, including outdoor fixtures;
> (3) . . . .
> **b.** Your Business Personal Property consists of the following property located in or on the building or structure described in the Declarations or in the open (or in a vehicle) within 100 feet of the building or structure or within 100 feet of the premises described in the Declarations, whichever distance is greater:
> (1) Furniture and fixtures;
> (2) Machinery and equipment;
> (3)
> (4) All other personal property owned by you and used in your business

14. On or about June 6, 2018, a severe thunderstorm producing large hail and damaging winds set upon the DFW area. The building suffered damage to the roofing system and HVAC units on the roof from the storm's hail and wind. The interior of the building also sustained damage caused by the leaks created from the storm's damage to the roofing system.

15. In addition, the storm caused damage to the metal structure located on the rear of the same property at the same address. The metal building was used by Plaintiff Frymire to store equipment.

16. On June 22, 2018, a claim was made with Defendant Ohio Security by Plaintiffs' insurance agent on behalf of Plaintiffs for the damage done to the property.

17. On June 29, 2018, Defendant Ohio Security inspected the building.

18. Thereafter, as usual Defendant Ohio Security hired the engineering firm hired by so many insurance companies for the purpose of denying their insureds' claims, Haag Engineering, to inspect the building.

19. Finally, on January 29, 2019, Haag Engineering issued its typical pre-determined report favorable to the insurance carrier that purchased their "expert" services finding no damage caused by a storm to the front structure, yet finding damage to the rear structure only feet away.

20. Finally, on March 18, 2019, Defendant Ohio Security denied the claim for storm damage in its entirety. Defendant Ohio Security denied the claim made to the front structure on the basis that their inspections had found no storm-related damage to the building, only damage from wear and tear.

21. Although Defendant Ohio Security's inspections did reveal storm damage to the rear structure on the property, Defendant Ohio Security denied the claim for the damage to the rear structure on the basis that the building was not listed on the declarations page and because Defendant Ohio Security's investigation had determined the damage predated Defendant Ohio Security's policy coverage.

22. However, since purchasing the property, Defendant Ohio Security has been the insurer.

23. Presumably, Defendant Ohio Security inspected the property prior to issuing its coverage to Plaintiffs. If Defendant Ohio Security, did not inspect the premises Defendant Ohio Security

should have inspected the premises before executing the insurance policy.

24. Defendant Ohio Security did not exclude or note any existing hail damage to the property. Defendant Ohio Security is aware that they have provided continuous coverage for the property since its purchase. Defendant Ohio Security knows that as of the time of purchase or at least at the point it began insuring the property, that there was no hail or storm damage. Despite this knowledge, Defendant Ohio Security has used the basis for a denial of the claim that hail damage predated the Defendant Ohio Security's insurance coverage.

25. Further, Defendant Ohio Security has ignored the plain language of its own policy and denied the damage to the rear structure on the basis that it the rear structure is not listed on the Declarations page.  The Declaration page list the property located at "2818 Satsuma Drive, Dallas, Texas  75229-3523" as the covered commercial property. The metal structure is located at 2818 Satsuma Drive, Dallas, Texas  75229-3523. There is no exclusion that would exclude the building contained in the policy. The metal structure located on the property at 2818 Satsuma Drive, Dallas, Texas  75229-3523 is covered by the commercial insurance policy issued by Defendant Ohio Security.

26. The storm producing strong winds and hail is a covered peril under the insurance policy issued by Defendant Ohio Security that Plaintiffs had enforce on that date.

27. Defendant Ohio Security knew that the claim was covered by their policy, but Defendant Ohio Security denied the claim in its entirety.

28. As a result of the Defendant Ohio Security's actions, either in concert and/or independently, Plaintiffs suffered economic damages including, but not limited to the cost of replacing the roofing system, HVAC units, damage to the rear structure, and damage to the interior of the front building.

29. Additionally, it has been necessary for the Plaintiffs to retain the undersigned attorneys and now incur attorney's fees as a result of the Defendant Ohio Security's actions.

## IV.
## CAUSES OF ACTION

**A.  Breach of Contract as to Defendant Ohio Security.**

30. For their first cause of action against Defendant Ohio Security, Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

31. All conditions precedent of the contract to the bringing of this action have been fulfilled by Plaintiffs.

32. At all relevant times herein, Defendant Ohio Security insured the Plaintiffs under a commercial property policy of insurance.

33. Plaintiffs entered into a contract for insurance to cover the commercial property located at 2818 Satsuma Drive, Dallas, Texas. The insurance policy issued by Defendant Ohio Security provided coverage for all direct physical loss or damage to the property, excepting certain inapplicable listed typical exclusions, during the policy period of March 23, 2018 to March 23, 2019.

34. Plaintiffs fulfilled their performance of the contract and paid the substantial premiums required by Defendant Ohio Security.

35. Then Plaintiffs experienced damage to their commercial property from large hail and destructive winds produced by the thunderstorm on June 6, 2018.

36. On June 22, 2018, Plaintiffs made a claim for the damage caused by the storm.

37. Despite insuring the property and accepting the premium for coverage of the property,

rather than honoring its agreement with its insureds, Defendant Ohio Security denied the claim under the insurance policy. Defendant Ohio Security did not pay for the damage caused by the covered peril.

38. Defendant Ohio Security's actions constitute a breach of the insurance contract.

39. As a direct consequence of said Defendant Ohio Security's breach of contract, the Plaintiffs have sustained damages.

40. Further, Plaintiffs have been required to retain the undersigned counsel to file this civil action to recover damages under the insurance contract. Plaintiffs accordingly seek all reasonable and necessary attorney's fees and costs incurred by Plaintiffs in the prosecution of this action.

**B.  Negligent and/or Intentional Misrepresentations by Defendant Ohio Security.**

41. For their second cause of action against Defendant Ohio Security, Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

42. Defendant Ohio Security misrepresented to Plaintiffs pertinent facts and policy provisions relating to coverage.

43. Defendant Ohio Security represented to Plaintiffs that the property located at 2818 Satsuma Drive, Dallas, Texas 75229-3523 would be covered in the event of a storm producing damaging hail or winds.

44. Defendant Ohio Security represented that the buildings located at 2818 Satsuma Drive, Dallas, Texas 75229-3523 were covered under the commercial property insurance policy.

45. Defendant Ohio Security represented that they would handle my claims honestly and efficiently and protect the property and the business located there.

46. As a direct proximate cause of Defendant Ohio Security's misrepresentations to Plaintiffs,

the Plaintiffs suffered damages.

**C.     Violations of the Texas Insurance Code as to Defendant Ohio Security.**

47.     For their third cause of action against Defendant Ohio Security, Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

48.     Defendant Ohio Security has engaged in unfair and/or deceptive acts and/or practices in the business of insurance, in violation of Chapter 541 of the Texas Insurance Code.

49.     Defendant Ohio Security violated Chapter 541 of the Texas Insurance Code in the following respects:

   a)  engaging in unfair claims settlement practices prohibited by Chapter 541, section 541.060(a)(1) of the Texas Insurance Code through its "**misrepresenting to a claimant a material fact and policy provision relating to coverage at issue**;"

   b)  engaging in unfair claims settlement practices prohibited by Chapter 541, section 541.060(a)(2)(A) of the Texas Insurance Code through its through its failure "**to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim submitted in which the insurer's liability has become reasonably clear;**"

   c)  engaging in unfair claims settlement practices prohibited by Chapter 541, section 541.060(a)(7 of the Texas Insurance Code through its "**refusing to pay a claim without conducting a reasonable investigation with respect to the claim**;"

   d)  engaging in unfair claims settlement practices prohibited by Chapter 541, section 541.061(1) of the Texas Insurance Code through its "**making an untrue statement of material fact**'"

   e)  engaging in unfair claims settlement practices prohibited by Chapter 541, section 541.061(2) of the Texas Insurance Code through its "**failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;**"

   f)  engaging in unfair claims settlement practices prohibited by Chapter 541, section 541.061(3) of the Texas Insurance Code through its "**making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;**"

g) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.151(2) of the Texas Insurance Code through its violation of section 17.46(b)(5) of the Texas Business and Commerce Code through its "**representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have**;"

h) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.151(2) of the Texas Insurance Code through its violation of section 17.46(b)(7) of the Texas Business and Commerce Code through its "**representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;**" and,

i) engaging in unfair and/or deceptive acts and/or settlement practices prohibited by Chapter 541 section 541.151(2) of the Texas Insurance Code through its violation of section 17.46(b)(12) of the Texas Business and Commerce Code through its "**representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law**."

50. Defendant Ohio Security's unfair and deceptive acts and practices set forth above are and each was a producing cause of damages to the Plaintiffs, for which Plaintiffs now sue.

51. Further, Defendant Ohio Security's unfair and deceptive acts and practices were committed knowingly; therefore, the Plaintiffs should recover, in addition to the actual damages, an amount up to three times the amount of the actual damages.

52. Further, as a result of Defendant Ohio Security's unfair and deceptive acts and practices set forth above, Plaintiffs have incurred and will continue to incur reasonable and necessary attorney's fees in the prosecution of the present case for which they now sue.

**D.    Violations of the DTPA as to Defendant Ohio Security.**

53. For their fourth cause of action against Defendant Ohio Security, the Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

54. Defendant Ohio Security has engaged in false, misleading, or deceptive acts or practices,

in violation of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE § 17.41 *et seq*.

55. Plaintiffs further allege that Defendant Ohio Security's actions and omissions violated the DTPA in the following respects:

a. engaging in unfair and/or deceptive acts and/or practices prohibited by section 17.46(b)(5) of the Texas Business and Commerce Code through its "**representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have**;"

b. engaging in unfair and/or deceptive acts and/or practices prohibited by section 17.46(b)(7) of the Texas Business and Commerce Code through its "**representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;**"

c. engaging in unfair and/or deceptive acts and/or settlement practices prohibited by section 17.46(b)(12) of the Texas Business and Commerce Code through its "**representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;**"

d. engaging in unfair and/or deceptive acts and/or practices prohibited by 17.50(a)(4) of the Texas Business and Commerce Code through its violation of section 541.060(a)(1) of the Texas Insurance Code through its "**misrepresenting to a claimant a material fact and policy provision relating to coverage at issue;**"

e. engaging in unfair and/or deceptive acts and/or practices prohibited by 17.50(a)(4) of the Texas Business and Commerce Code through its violation of section 541.060(a)(2)(A) of the Texas Insurance Code through its through its failure "**to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim submitted in which the insurer's liability has become reasonably clear;**"

f. engaging in unfair and/or deceptive acts and/or practices prohibited by 17.50(a)(4) of the Texas Business and Commerce Code through its violation of, section 541.060(a)(7 of the Texas Insurance Code through its "**refusing to pay a claim without conducting a reasonable investigation with respect to the claim;**"

g. engaging in unfair and/or deceptive acts and/or practices prohibited by 17.50(a)(4) of the Texas Business and Commerce Code through its violation of, section 541.061(1) of the Texas Insurance Code through its "**making an untrue statement of material fact**'"

      h. engaging in unfair and/or deceptive acts and/or practices prohibited by 17.50(a)(4) of the Texas Business and Commerce Code through its violation of section 541.061(2) of the Texas Insurance Code through its "**failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;**"

      i. engaging in unfair and/or deceptive acts and/or practices prohibited by 17.50(a)(4) of the Texas Business and Commerce Code through its violation of section 541.061(3) of the Texas Insurance Code through its "**making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact**;"

56. Defendant Ohio Security's false, misleading, or deceptive acts or practices set forth above are and each was a producing cause of damages to Plaintiffs.

57. Further, said acts and practices were committed knowingly, for which the Plaintiffs should recover damages for their mental anguish and up to three (3) times their economic damages.

58. Said acts and practices were committed intentionally, for which the Plaintiffs should recover damages for their mental anguish and economic damages and should recover up to three (3) times their damages for mental anguish and economic damages.

59. Further, as a result of Defendant Ohio Security's unfair and deceptive acts and practices set forth above, the Plaintiffs incurred reasonable and necessary attorney's fees in the prosecution of the present case for which they now sue.

**E.  Breach of the Duty of Good Faith and Fair Dealing as to Defendant Ohio Security.**

60. For their fifth cause of action against Defendant Ohio Security, the Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

61. Defendant Ohio Security owed the Plaintiffs a duty of good faith and fair dealing and a duty to exercise ordinary care in the handling of the claim made by the Plaintiffs.

62. Defendant Ohio Security is in violation of its duty of good faith and fair dealing owed to

the Plaintiffs.

63. Defendant Ohio Security has engaged in unreasonable claims handling practices by failing and refusing to authorize and/or pay the benefits to which Plaintiffs were entitled by law when it was reasonably clear that the benefits were owed.

64. Defendant Ohio Security failed to conduct an adequate investigation and engaged in a predetermined course of conduct to deny the Plaintiffs' benefits.

65. Defendant Ohio Security's basis for failing to promptly authorize and pay the Plaintiffs full benefits was unreasonable and Defendant Ohio Security knew or should have known that its basis for such was unreasonable.

66. As a direct proximate cause of Defendant Ohio Security's violation of the duty of good faith and fair dealing, the Plaintiffs have suffered damages.

67. The Plaintiffs incorporate all other allegations contained herein which amount to a breach of the duty of good faith and fair dealing imposed upon Defendant Ohio Security.

68. Further, Defendant Ohio Security has breached its common law duty of good faith and fair dealing by exhibiting such an entire want of care as to constitute gross negligence. and/or malice. Consequently, the Plaintiffs are entitled to recover exemplary damages against Defendant Ohio Security.

## V.
## CONDITIONS PRECEDENT

69. All conditions precedent to the bringing of this action have been fulfilled by Plaintiffs.

WHEREFORE PREMISES CONSIDERED Plaintiffs request the following against Defendant Ohio Security:

    a. Judgment against Defendant Ohio Security for a sum within the jurisdictional limits of this Court for the economic damages indicated

       above;
- b. Reasonable and necessary attorney's fees;
- c. Exemplary and/or treble damages;
- d. Pre-judgment interest at the maximum amount allowed by law;
- e. Post-judgment interest at the maximum rate allowed by law;
- f. Costs of suit; and
- g. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**BERGMANGRAY LLP**

/S/ Jay K. Gray

_____

Jay K. Gray
State Bar No. 08324050
4514 Travis Street
Travis Walk, Suite 300
Dallas, Texas 75205
214-528-2444
214-599-0602 [fax]
jkurtisgray@yahoo.com

Andrew A. Bergman
State Bar No. 02196300
4514 Travis Street
Travis Walk, Suite 300
Dallas, Texas 75205
214-528-2444
214-599-0602 [fax]
bergman@abergmanlaw.com

**ATTORNEYS FOR PLAINTIFFS**