IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRYMIRE HOME SERVICES, INC. and WHITFIELD CAPITAL, LLC | § § § § | |
| *Plaintiffs,* | § | |
| V. | § § | CIVIL ACTION NO. 3:19-CV-01938-B |
| LIBERTY MUTUAL INSURANCE CO. and OHIO SECURITY INSURANCE CO. | § § § | |
| *Defendants.* | § | |

**PLAINTIFFS' BRIEF IN SUPPORT OF RESPONSE TO
DEFENDANT'S MOTION TO FOR SUMMARY JUDGMENT**

COME NOW Frymire Home Services, Inc. (referred to as "Plaintiff Frymire") and Whitfield Capital, LLC (referred to as "Plaintiff Whitfield") (collectively referred to as "Plaintiffs") and hereby respond to Defendant Ohio Security Insurance Company's (referred to as "Defendant Ohio Security") Motion for Summary Judgment and for would respectfully show the Court as follows:

**I.
INTRODUCTION**

2.  Plaintiffs are named insureds under a commercial property insurance policy purchased through Defendant Ohio Security. Plaintiffs' made a claim for damage to the property caused by a hail and wind storm. Defendant Ohio Security has denied the claim. Plaintiffs have alleged causes of action for 1) breach of the insurance contract; 2) common law misrepresentations; 3) violations of the Texas Insurance Code; 4) violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"); and, 5) breach of the duty of good faith and fair dealing.

3.  Defendant now moves for summary judgment on the following basis:

   a.  Plaintiffs cannot satisfy their burden to segregate covered perils from uncovered perils;

    b.    Plaintiffs cannot satisfy their burden to establish the reasonable and necessary cost to repair covered damages;

    c.    Plaintiff's have not sustained an injury independent from the policy negating the extra-contractual claims;

    d.    There is no evidence of a reasonable basis for denying payment of benefits under the policy.

## II.
## ARGUMENT AND AUTHORITY

**A.    It Is Defendant's Burden of Proof to Segregate Any Noncovered Concurrent Loss**

4.    Defendant's motion for summary judgment misconstrues Texas law regarding insurance contracts. Defendant's position improperly shifts of the burden of proof under Texas law and the specific insurance contract at issue. First, prior damage or pre-existing damage is not a concurrent cause of the loss. Second, the insurance policy in this case does not contain an "anti-concurrent-cause" clause. Third, even if Plaintiffs' insurance policy had an "anti-concurrent-cause" contained in it, under Texas law it would be the insurer's burden of proof to segregate out any uncovered losses.

5.    Depending on the policy language, a loss may be covered if it is partially caused by a covered risk, even if damage was also caused by an excluded risk, to the extent the damage can be allocated between the causes. *See Utica National Insurance Co. of Texas v. American Indemnity Co.*, 141 S.W.3d 198, 204 (Tex. 2004). In cases involving separate and independent causation, the covered event and the excluded event each independently cause the plaintiff's injury, and the insurer must provide coverage despite the exclusion. *Id.* at 204. Under the "concurrent causation" doctrine, the excluded and covered events combine to cause the plaintiff's injuries. *Id.* Initially, the insured has the burden of pleading and proving facts that

2

establish coverage under the terms of the policy. *Seger v. Yorkshire Insurance Co., Ltd.,* 503 S.W.3d 388, 400 (Tex. 2016); *JAW The Pointe, L.L.C. v. Lexington Insurance Co.,* 460 S.W.3d 597, 603 (Tex. 2015); *Utica National Insurance Co. of Texas,* 141 S.W.3d at 203.

6. To avoid liability, the insurer then has the burden to plead and prove an exclusion, which is an affirmative defense. TEX. R. CIV. P. 94; TEX. INS. CODE § 554.002; *Seger,* 503 S.W.3d at 400; *Utica National Insurance Co. of Texas,* 141 S.W.3d at 204. To avoid coverage in situations involving multiple causes of liability or loss, it is the insurer's burden to establish whether the liability or loss was caused solely by the excluded risk, or to segregate the liability or loss caused by the insured peril from that caused by an excluded peril. *Utica Nat'l lnsurance Co. of Texas,* 141 S.W.3d at 204. Proof of an affirmative defense includes proof of the extent of the defense. *See, e.g.,* PJC 115.8; *Cocke v. White,* 697 S.W.2d 739, 744 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.); *R.A. Corbett Transport, Inc. v. Oden,* 678 S.W.2d 172, 176 (Tex. App.—Tyler 1984, no writ); *Copenhaver v Berryman,* 602 S.W.2d 540, 544 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.).

7. Only in insurance cases where the insurance policy contains an "anti-concurrent-cause" clause is a loss covered only if it is caused solely by a covered risk, exclusive of all other causes. *See, e.g., Union Mutual Life Ins. Co. v Meyer,* 502 S.W.2d 676, 677-79 (Tex. 1973) (coverage for death resulting from bodily injury independent of all other causes); *JAW The Pointe, L.L.C.,* 460 S.W.3d at 608 ("anti-concurrent-causation" clause bars recovery where loss is concurrently caused by both covered and uncovered perils).

8. First, neither the facts of this case nor Defendant's questions to Sandlin establish a "concurrent cause." A "concurrent cause" is when two events combine to cause the plaintiff's injuries. *Utica Nat'l Ins. Co. of Texas v. American Ind. Co*., 141 S.W.3d at 204. For example, in a

hurricane where there is the loss to a property is caused by both wind (a covered peril) and flooding (a noncovered peril). In such a case, there is two perils causing the loss at the same time. The present case, does not factually involve a "concurrent cause."

9. Defendant argues that because when Sandlin was asked whether it was "possible" a hail storm that may have occurred years earlier had caused some damage to the roof, Sandlin testified "it was possible" that Sandlin's testimony is unreliable. Further, Defendant relies on Sandlin's testimony that the roof had wear and tear. This testimony does not establish the possibility of a "concurrent cause" of the loss caused by the hail and wind storm in question. Quite frankly, it is possible every roof in North Texas has some hail damage to it in the last ten years. That does not make the prior hail damage, no matter how insignificant, the cause of the loss in question. Nor does wear and tear on a roof create a "concurrent cause." That is just common sense or should be.

10. But taking Defendant's argument and assuming that wear and tear and the possibility of prior damage, no matter how insignificant, could amount to a "concurrent cause" in Texas. Defendant appears to argue a causation standard for an insurance policy that has an "anti-concurrent-causation" clause.

11. As the Texas Supreme Court explained in *JAW The Pointe, L.L.C.,* when an insurance policy contains an "anti-concurrent-causation" clause, recovery is barred where the loss is concurrently caused by both covered and uncovered perils. 406 S.W.3d at 603 In such cases the word "solely" should be included in the Pattern Jury Charge question regarding causation. *See* TEXAS PATTERN JURY CHARGE 101.57 comment.

12. Defendant has not asserted, nor is there, an "anti-concurrent-cause" clause in the insurance policy at issue. But, to address Defendant's argument, if we assume that there was a noncovered peril that was a "concurrent cause" of the loss on the date in question and if we pretend the

4

insurance policy between Plaintiffs and Defendant contained an "anti-concurrent-cause clause," then it would still be Defendant's burden of proof to segregate the damage caused by the noncovered peril. *Utica Nat'l Ins. Co. of Texas*, 141 S.W.3d at 204.

13.     Defendant's motion for summary judgment attempts to shift the burden of proof of segregating between covered losses and uncovered losses to Plaintiff. To avoid coverage in claims involving more than one cause of the liability it is the insurer's burden to secure a finding that the injury was caused "solely" by an excluded risk. *Utica National Ins. Co. of Texas*, 141 S.W. 3d 198, 204 (Tex. 2004). Proof of an affirmative defense such as the injury being caused by an excluded peril also includes proof of the extent of the defense. *See* TEX. INS. CODE §554.002; TEXAS PATTERN JURY CHARGE 101.57 comment.

14.     The insurance policy in this case provides under the Building and Personal Property Coverage Form that:

> **A.** Coverage
>
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations **caused by** or **resulting from** any Covered Cause of Loss

(Defendant's App. 140)

15.     Plaintiffs are not required to prove that the roof did not have wear and tear at the time of the hail storm. Plaintiffs are required to prove that there was a "physical loss or damage to the Covered Property . . . . caused by or resulting from any Covered Cause of Loss." (*Id.*)

16.     Under the terms of the insurance contract at issue, Plaintiffs are not required to prove that the hail and wind storm in question was the "sole cause" of any damage to the roof. Neither, is it Plaintiffs' burden to proof that the roof already had damage caused by an excluded event or that that there was a "possibility" that a prior hail storm could have caused some damage to the roof.

However, it is Sandlin's expert opinion that the storm in question is what requires the roof to be replaced. (APP. 5).. The need to replace the roof resulted from the covered peril. (APP 5).

17. Defendant's argument is akin to arguing that a medical provider that testifies that a plaintiff required surgery as the result of a neck injury suffered when an 18-wheeler slammed into her car is not able to testify if the medical expert testifies that it is a possibility that plaintiff had a weakened neck before being hit by the 18-wheeler. Also, the medical provider testifies that because the plaintiff was fifty (50) years old, the plaintiff's neck possibly had some wear and tear on it.

18. Thus, Defendant attempts to improperly shift the burden of proof in this case of its affirmative defense to Plaintiffs and then moves for summary judgment for Plaintiffs' failing to meet the Defendant insurer's burden of proof. Defendant has failed to meet its burden of prove that there was a "concurrent cause."

19. The facts are there was a covered loss that occurred as a result of the hail and wind storm on June 6, 2018. (APP 4). The exterior of building sustained a direct physical loss due to damaging hail and wind that is covered under policy. (APP 5). The roofs sustained direct physical damage from hail stone and wind-blown debris impacts. At the time the hail and wind storm occurred on June 6, 2018, the roof may have possibly had some damage to it from a prior windstorm but it was the hail and wind storm on June 6, 2018, that caused the damage that requires the roof to be replaced. (APP 5).

20. Plaintiffs have established at a minimum that there is a material fact issue as to Defendant's breach of contract.

**B.      Plaintiffs Do Produce Evidence of the Reasonable and Necessary Cost to Repair**

21. Defendant's moves for summary judgment as to Plaintiffs reasonable and necessary costs to repair based on the assumption that Sandlin and Kaley's testimony will be struck. Attached

6

hereto is evidence from Sandlin regarding the reasonable and necessary costs to repair the property as a result of the hail and wind storm in question. The reasonable and necessary costs to repair the roof resulting from the hail and wind storm in question is $$936,918.64. (APP. 5).

**C.     There is Evidence that Plaintiffs have a Covered Loss.**

22.     Plaintiffs do not disagree with Defendant's statement of the law in in its motion for summary judgment. This case is not an insurance case with there is an independent injury under the insurance code that stands separately from the extra-contractual claims. Rather this is the type of insurance case where the policy limits are the actual damages recoverable for the statutory violations.

23.     If the Court were to determine Defendant is entitled to summary judgment on its contractual claims because it is not entitled to any benefits, then summary judgment would be proper under Texas law. If, however, the Court determines that it is not entitled to summary judgment on its contractual claims then a fact issue exists as to the extra-contractual claims. Plaintiff has provided evidence that a material fact issue exists as to whether Plaintiff is owed policy benefits.

**D.     Defendant Has Not Proved as A Matter of Law that Defendant Had a Reasonable Basis for Denying Plaintiffs' Claim.**

24.     Defendant moves for summary judgment on Plaintiff's extra-contractual claims on the basis that there is no evidence that there is an absence of a reasonable basis for denying the claim. Again, Defendant has not established that there is not a genuine issue of fact as to whether there was a reasonable basis for the denial of the claim. If the Court were to determine that Plaintiffs are not entitled to any benefits under the contract, then Defendant is correct; otherwise a fact issue exists as whether the denial was reasonable.

## III.
## CONCLUSION

25. In summary, Defendant is not entitled to summary judgment on Plaintiffs' claims. Plaintiffs have provided evidence that Plaintiffs experienced a covered loss resulting from the hail and wind storm in question. Defendant has not established any concurrent cause for the loss. If Defendant were to establish a concurrent cause, the insurance policy does not contain an "anti-concurrent-cause" clause. If and only if the insurance policy in this case contained "an anti-concurrent-cause" would there be any obligation to segregate. And then that obligation to segregate would be Defendant's obligation, not Plaintiffs' burden.

26. Therefore, the Court should deny Defendant's motion for summary judgment in its entirety.

Respectfully submitted,
**BERGMANGRAY LLP**
*/s/ Jay K. Gray*
Jay K. Gray
State Bar No. 08324050
Andrew A. Bergman
State Bar No. 02196300
4514 Travis Street
Travis Walk, Suite 300
Dallas, Texas 75205
214-528-2444
214-599-0602 [fax]
gray@bergmangray.com
bergman@abergmanlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing *Plaintiffs' Brief in Support of Response to Defendant's Motion for Summary Judgment* was served via ECFM on this 19th day of October 2020 upon counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

Mark D. Tillman
Michael C. Diksa
TILLMAN BATCHELOR LLP
5605 N. MacArthur Blvd., Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
mark.tillman@tb-llp.com
mike.diksa@tb-llp.com
**ATTORNEYS FOR
OHIO SECURITY INSURANCE CO.**

*/s/ Jay K. Gray*