**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FRYMIRE HOME SERVICES, INC.,** | § | |
| **AND WHITFIELD CAPITAL, LLC** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:19-cv-1938** |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **CO. AND OHIO SECURITY** | § | |
| **INSURANCE CO.** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT OHIO SECURITY INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Ohio Security Insurance Company ("OSIC" or "Defendant") files its Reply in Support of its Motion for Summary Judgment as to the claims asserted against them by Plaintiffs. As discussed below, Plaintiffs' Response to Defendant's Motion for Summary Judgment (the "Response") does not raise any issue of material fact sufficient to defeat summary judgment on Plaintiffs' breach of contract claim or extra-contractual claims. Accordingly, this Court should grant Defendant's Motion for Summary Judgment.

**I.**
## ARGUMENTS AND AUTHORITIES

A.   **PLAINTIFFS' RESPONSE CONFIRMS THAT PLAINTIFFS CANNOT SEGREGATE COVERED PERILS FROM UNCOVERED PERILS, WHICH IS A BURDEN THEY ALONE CARRY.**

*1.   Plaintiffs Have The Burden of Proof.*

Plaintiffs devote a majority of their Response to the argument, based on inapplicable case law, that it is actually *Defendant's* burden to segregate covered perils from uncovered perils. In doing so, Plaintiffs simply ignore the well-established case law cited in Defendant's motion holding the exact opposite. This case law includes two decisions from this Court, both of which

were subsequently affirmed by the Fifth Circuit, holding that the insured has the burden to segregate damages in situations such as the one presented here. *See Hamilton Properties v. Am. Ins. Co.,* Civ. Action No. 3:12-CV-5046-B, 2014 WL 3055801 at * 3 (N.D. Tex. July 7, 2014), *aff'd,* 643 Fed. Appx. 437 (5th Cir. April 14, 2016)(per curiam) (burden on insureds to provide "evidence to allow the trier of fact to segregate covered losses from non-covered losses"); *see also Certain Underwriters at Lloyds of London v. Lowen Valley View, LLC,* Civ. Action. No. 3:16-cv-0465-B, 2017 WL 3115142 at *8 (N.D. Tex. July 7, 2017) *aff'd*, 892 F.3d 167 (5th Cir. 2018) (same).

Just a few weeks after Defendant filed its Motion, the Eleventh Court of Appeals became the latest court to acknowledge the black-letter insurance law principle that the insured has the burden of establishing evidence to allow the jury to segregate covered losses from non-covered losses. *Prime Time Family Entertainment Center, Inc. v. Axis Ins. Co.,* --- S.W.3d. ---, No. 11-18-00241-CV, 2020 WL 6108263, at *2 (Tex. App.—Eastland Oct. 16, 2020, no pet. h.) (slip op.). Just as in the present case, *Prime Time* involved a claim for hail damage to a commercial building. *Id.* at *1. During its investigation, the insurer discovered pre-existing, noncovered damage to the insured's roof. *Id.* The insurer moved for summary judgment on traditional grounds under the doctrine of concurrent causes, asserting that the insured could not meet its burden to allocate damages between covered and non-covered perils. *Id.* at *2. The trial court granted the insurer's motion for summary judgment and the insured appealed. *Id.*

The Court of Appeals first addressed the applicable summary judgement standing, confirming that under the doctrine of concurrent causation, where covered and non-covered perils combine to create a loss, the insured is entitled to recover only that portion of the damage caused solely by the covered peril. *Prime Time,* 2020 WL 6108263, at *2 (citations omitted). Accordingly,

when an insurer demonstrates that a non-covered peril could have caused the insured's loss, the burden shifts to the insured to produce evidence to allow the trier of fact to segregate covered loss from non-covered losses. *Id.*

The Court of Appeals found that the insurer properly invoked the doctrine of concurrent causes in its motion for summary judgment by "detailing the evidence showing that [the insured] had had problems with the roof for several years prior to the 2014 hailstorm." *Id.* The Court of Appeals further held that the insured presented "no evidence attempting to segregate losses attributable to covered perils from losses attributable to non-covered perils." *Id.* at *4. Accordingly, the Court of Appeals held that the trial court did not err in granting the insurer's motion for summary judgment on the insured's breach of contract claim. *Id.*

In the instant case, Defendant has presented considerable evidence of pre-existing, non-covered damage to Plaintiffs' property, including severe wear and tear and deterioration, as well as roof leaks and hail damage that pre-date the claimed date of loss. As a result, the burden shifted to Plaintiffs to produce evidence to allow the trier of fact to segregate covered loss from non-covered losses. *Prime Time,* 2020 WL 6108263, at *2; *Lowen Valley View,* 2017 WL 3115142 at *8; *Hamilton Properties,* 2014 WL 3055801 at * 3. As discussed below, Plaintiffs' summary judgment evidence does not come close to meeting this burden.

### 2. *Plaintiffs' Evidence is Legally Insufficient to Defeat Defendant's Motion for Summary Judgment.*

The only evidence Plaintiffs rely upon in attempting to meet their burden is a conclusory affidavit of their public adjuster Brady Sandlin and a copy of his estimate. Sandlin's affidavit is a weak attempt to re-write his deposition testimony. Even if the court were to consider it[1], the

---

[1] Even a cursory comparison of Sandlin's deposition testimony cited in Defendant's Motion with his affidavit shows that it is a sham affidavit. Under the "sham affidavit" doctrine, a "nonmovant cannot defeat a motion for summary

affidavit constitutes insufficient evidence for a jury to segregate covered from uncovered damages. If anything, the affidavit is further proof of Plaintiffs' inability to segregate their damages. This is because Sandlin concedes in his affidavit that "the roof may have possibly had some damage to it from a prior windstorm." Plaintiffs' Appendix at 5. Despite this admission, he makes no attempt to segregate the prior damage, as well as the pre-existing wear and tear and deterioration, from the alleged damage that occurred on the claimed date of loss.

Sandlin's affidavit is the same type of evidence that both the district court and Fifth Circuit determined in *Hamilton Properties* was legally insufficient evidence upon which a jury or court could segregate covered damages from uncovered damages. In *Hamilton Properties*, the plaintiff cited the testimony of its expert Thomas Shingler that the hail storm on the claimed date of loss "'impact-damaged' part of the 'building roof perimeter' such that it 'ruptured the waterproofing skin of the cant element producing flow paths for the intrusion of water to the interior.'" *Hamilton Props. v. Am. Ins. Co.*, 643 Fed. Appx. 437, 442 (5th Cir. April 14, 2016) (per curiam). The Fifth Circuit held this evidence was insufficient to raise a fact issue, stating:

> At most, Shingler claimed he could show that the *current* damage to the property (or the damage he observed in August 2013) can be *linked* to the [hailstorm on the claimed date of loss]. This does nothing to enable a jury to segregate damages for only that property damage caused by covered perils that occurred within the policy period. [Plaintiff's] failure to provide evidence upon which a jury or court could segregate covered damages from uncovered damages is fatal to its claim.

*Id*. Sandlin's affidavit likewise constitutes insufficient evidence for a jury to segregate covered from uncovered damages.

Sandlin's estimate attached to his affidavit is also insufficient to meet Plaintiffs' burden. This is because "an estimate is only a description of existing damage, which could have resulted

---

judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony." *Powell v. Dallas Morning News, L.P.*, 776 F.Supp.2d 240, 247 (N.D. Tex. 2011).

from any number of events that occurred prior to the date of the estimate, including another storm on a date that was not covered by the insurance policy at issue." *Allison v. Allstate Texas Lloyds*, No. 4:16-cv-00979, 2017 WL 4991108 at *4 (N.D. Tex. Oct. 16, 2017) (Ray, Mag. J.) *report adopted*, 2017 WL 4422368 (N.D. Tex. Oct. 5, 2017); *see also Underwood v. Allstate*, No. 4:16-cv-00962, 2017 WL 4466451 at *3 (N.D. Tex. Sept. 19, 2017) (Ray, Mag. J.), *report adopted*, 2017 WL 4923899 (N.D. Tex. Oct. 31, 2017).   In light of the foregoing, Plaintiffs cannot reasonably argue that they have met their burden to segregate between covered and uncovered damages. Defendant is therefore entitled to summary judgment as a matter of law on Plaintiffs' breach of contract cause of action.

B.   **PLAINTIFFS' EXTRA-CONTRACTUAL CLAIMS MUST BE DISMISSED.**

1.   ***Plaintiffs Concede that Their Extra-Contractual Claims Fail Without a Breach of Contract Claim.***

In their Response, Plaintiffs concede that "this case is not an insurance case with [sic] there is an independent injury under the insurance code that stands separately from the extra-contractual claims."   Plaintiffs also concede that "[i]f the Court were to determine Defendant is entitled to summary judgment on its contractual claims because it is not entitled to any benefits, then summary judgment [on Plaintiffs' extra-contractual claims] would be proper under Texas law." Because Defendant has established that Plaintiffs' breach of contract claim should be dismissed and there is no allegation of an independent injury (but rather an admission that no such independent injury exists), Plaintiffs' extra-contractual claims must also be dismissed. *Prime Time,* 2020 WL 6108263, at *2 ("Because [the insured] cannot show a right to receive benefits under the policy and because it has not alleged or shown an independent injury, [the insured] cannot recover on its extracontractual claims.").

2.    *Plaintiffs Make No Attempt to Present Evidence in Support of Their Extra-Contractual Claims.*

Assuming *arguendo* that Plaintiffs' breach of contract claim survives, Plaintiffs' extra-contractual claims should still be dismissed because Plaintiffs have not presented any evidence in support of these claims.  As discussed above, the only evidence included in Plaintiffs' Response is the affidavit and estimate of Brady Sandlin.  At most, this evidence shows that there is a bona fide dispute over whether the Property sustained covered damage on the claimed date of loss. "Evidence establishing only a bona fide coverage dispute does not demonstrate bad faith." *Lowen Valley View*, 2017 WL 3115142 at *8 (citing *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998).  For this additional reason, Plaintiffs' extra-contractual claims should be dismissed.

## II.
## CONCLUSION

Based on the evidence presented in their Response, Plaintiffs have not met their burden to segregate out damage attributable to a "covered peril" from damage attributable to non-covered perils. Therefore, Plaintiffs' breach of contract claim fails as a matter of law.  Because Plaintiffs' breach of contract cause of action fails, and because Plaintiffs admit there is no injury independent of their claimed Policy benefits, Plaintiffs' extra-contractual claims cannot be sustained as a matter of law. Defendant, therefore, respectfully requests that the Court grant summary judgment in favor of Defendant on all of Plaintiffs' claims; award Defendant its costs of court; and grant all other relief, general or special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Michael C. Diksa*

MARK D. TILLMAN
State Bar No. 00794742
MICHAEL DIKSA
State Bar No. 24012531
SALINA A. KABANI
State Bar No. 24067484

**TILLMAN BATCHELOR LLP**
5605 N. MacArthur Blvd., Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
mark.tillman@tb-llp.com
mike.diksa@tb-llp.com
salina.kabani@tb-llp.com

**ATTORNEYS FOR DEFENDANT
OHIO SECURITY INSURANCE
COMPANY**


## CERTIFICATE OF SERVICE

In accordance with the FEDERAL RULES OF CIVIL PROCEDURE, on November 2, 2020, a true and correct copy of the above and foregoing instrument was served ***via facsimile or electronic service*** upon:

**ATTORNEYS FOR PLAINTIFFS**
Jay K. Gray
State Bar N0. 08324050
Andrew A. Bergman
State Bar No. 02196300
4514 Travis Street
Travis Walk, Suite 300
Dallas, Texas 75205
214-528-2444 (Telephone)
214-599-0602 (fax)
gray@bergmangray.com
bergman@abergmanlaw.com

*/s/ Michael C. Diksa*
MICHAEL C.  DIKSA